```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
IN RE:                                              :
                                                    :          16-MD-2704 (PAE)
INTEREST RATE SWAPS ANTITRUST LITIGATION  :          16-MC-2704 (PAE)
                                                    :
*This Document Relates to All Actions*              :          ORDER NO. 37
                                                    :
------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

The Court has received a July 9, 2018 letter (Dkt. 421) from counsel for new plaintiff trueEX LLC ("TrueEx") seeking reconsideration of the portion of the Court's June 28, 2018 order (Dkt. 415) to the extent it limited the number of electronically stored information (ESI) custodians per defendant from whom TrueEx could seek records for the period 2017 through the date of the filing of TrueEx's complaint. The Court has also received defendants' July 11, 2018 letter-response (Dkt. 424).

The Court's June 28 order authorized discovery of five such ESI custodians per each of the 11 defendant groups. The Court further ordered that each defendant would bear the full cost of document production for three of the five such custodians, but that, were discovery sought with respect to a fourth or fifth such custodian for a given defendant, TrueEx and the defendant were to share costs of that production. The Court's order therefore authorized discovery—on top of the more than 150 custodians from whom ESI discovery has been obtained for the 2010–2016 period—of an additional 55 custodians, of whom 33 were to be at the defense's exclusive cost. Dkt. 415 at 3–4.

In negotiations with defendants, TrueEx had previously sought electronic discovery from seven to nine custodians per defendant. Dkt. 414 at 5. In its July 9 letter, TrueEx now represents that five custodians per defendant is in fact sufficient, that it has already designated three

1

custodians per each defendant, and that for "certain defendants," three or four custodians may suffice. TrueEX, however, seeks to lift the cost-sharing condition as to the fourth or fifth custodian per defendant, stating, generally, that its finances do not permit it to afford the risk of cost-sharing. Dkt. 421 at 1. Defendants oppose this bid on grounds including that TrueEx does not recite a valid basis for reconsideration, that TrueEx has not demonstrated a concrete need for the additional discovery it seeks, that TrueEx's claims of financial limitations are unsubstantiated and inconsistent with the company's public filings, and that the Court's order was substantively correct. Dkt. 424 at 1–3.

The Court is in general agreement with the defense's critiques. In particular, the Court remains of the view that some cost-sharing for ESI discovery—above a baseline number of custodians as to which defendants are to bear all costs—is appropriate here in light of the inconvenience presented by TrueEx's late entry into the case and to assure that disciplined attention is paid to the genuine need for certain discovery. And TrueEx has made no attempt to substantiate its claim of limited financial resources or to explain non-conclusorily its need for additional custodians.

However, on reflection, the Court does appreciate that the regimen it put in place that put a fixed cap per defendant on the number of custodians from whom TrueEx could freely obtain ESI discovery did not suitably allow for the possibility that TrueEx's discovery needs might differ per defendant. The Court accordingly will modify its June 28 order to this limited degree. The Court authorizes TrueEx to designate, in addition to the 33 custodians already noticed, an additional three custodians—across the 11 defendant groups—from whom it will be entitled to receive, at the relevant defendant's exclusive cost, ESI discovery. This will bring to 36 the overall number of custodians as to whom TrueEx may receive such discovery at no cost to itself.

For avoidance of doubt, this order does not lift the five-custodian cap per defendant; in allocating the three additional no-cost custodians among defendants, TrueEx therefore may not designate more than two additional custodians to any defendant. The Court directs that TrueEx make any designations of its three additional custodians by Friday, July 13, 2018, at 5 p.m.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 12, 2018
   New York, New York