UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

IN RE:

INTEREST RATE SWAPS ANTITRUST LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------- X

16-MD-2704 (PAE)
16-MC-2704 (PAE)

ORDER NO. 38

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed, in unredacted form, the letters it has recently received regarding a discovery dispute between class plaintiffs and third party Tradition America LLC ("Tradition"). *See* Dkt. 419 (letter from class plaintiffs); Dkt. 427 (letter from Tradition). The Court, on May 4, had ordered Tradition to produce non-privileged documents responsive to plaintiffs' November 3, 2017 subpoena. *See* Dkt. 382. The recent letters inform the Court that Tradition uploaded approximately 77,000 documents on the document review system it utilized and that the agreed-upon search terms yielded a review set of approximately 7,625 documents. Following review by Tradition's outside counsel, Greenberg Traurig, LLP, Tradition produced 93 documents. Skeptical that these 93 documents are the full extent of responsive documents relevant to the case, plaintiffs, per plaintiffs' counsel Robert Dumas, Esq., reviewed a sample of 348 documents, not among the 93 produced to plaintiffs, in Greenberg Traurig's office on June 16. Mr. Dumas concluded that all 348 were responsive to the subpoena and that 267 (or 76.7%) were relevant to plaintiffs' case. Tradition disputes whether these documents are in fact relevant.

Plaintiffs' counsel asks that Tradition be ordered to produce the entirety of the responsive documents to the extent not already produced. Tradition responds that in its view, the documents are largely extraneous, as a result, it theorizes, of the use of broad search terms and no time

1

limitation. Tradition also expresses concern that certain documents may contain private or competitively sensitive information.

The Court is unable on the present record to make a judgment as to which party is correct. The Court will therefore undertake its own review. To facilitate this review, the Court directs that Tradition, by noon on Thursday, July 19, 2018, submit to the Court two full sets, in tabbed binders, of the 348 documents that were reviewed by plaintiffs' counsel on June 16. (A separate set is to be filed under seal with the Clerk of the Court.) The Court expects that Tradition will sequence and/or identify the documents in the same manner that they were presented to plaintiffs' counsel. Although these documents—being the subject of a discovery dispute—are not to be produced at this juncture to plaintiffs' counsel, Tradition is to prepare and publicly file on the docket of this case, also by noon on July 19, 2018, an index of the documents. The index is to be sufficiently detailed (*e.g.*, by Bates number, date, sender/recipient) to enable Mr. Dumas to determine which 267 of the 348 documents were those that he determined are relevant to plaintiffs' case. The Court directs plaintiffs' counsel to then promptly submit a letter to the Court, if possible on July 20, 2018, identifying the 267 documents that Mr. Dumas deemed relevant. For avoidance of doubt, the Court does not invite advocacy from either side, but merely the respective submissions described above. The Court will review these materials and thereafter make a judgment how to proceed.

Each party's letter seeks modification of the cost-sharing arrangement that the Court put in place as to this subpoena. Pending review of the above submissions, the Court does not modify that arrangement, but does direct that Tradition's counsel separately track legal fees and costs associated with this discovery dispute

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: July 16, 2018
       New York, New York