UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

INTEREST RATE SWAPS ANTITRUST LITIGATION.

*This Document Relates to All Actions*

16-MD-2704 (JPO)

ORDER NO. 76

J. PAUL OETKEN, District Judge:

This order addresses Plaintiffs' request that Defendants be compelled to produce "pricing algorithms" used by Defendants to generate pre-trade marks ("PTMs") — interest rate swap midpoint estimates that dealers must supply by CFTC regulation. The Court has reviewed the parties' initial letters on the subject (Dkt. Nos. 823 & 827), the transcript of the July 11, 2019 conference before Judge Engelmayer (Dkt. No. 835), the parties' joint submission dated September 11, 2019 (Dkt. No. 845), and the attached portions of Dr. Reiss's deposition.

The parties entered into a stipulation agreeing to produce materials that any expert "relied upon." (Dkt. No. 304 at 1.) Plaintiffs contend that Defendants' expert, Dr. Reiss, effectively relied upon Defendants' pricing algorithms by considering PTMs in his "false positives" analysis. The Court is not persuaded by Plaintiffs' argument. As Dr. Reiss made clear at his deposition on August 30, he had no access to Defendants' pricing algorithms, does not know how they work, and did not rely on them. While Dr. Reiss made a reference to "unbiased" estimates in footnote 148 of his report (Dkt. No. 816-2 at 86 n.148), he clarified in his deposition that he was not making any assumption that PTMs are "unbiased" (Dkt. No. 845-1 at 249:8–16, 261:16–262:4). This clarification, and the context of the reference in footnote 148, convince the Court that Dr. Reiss's expert opinions do not rest on an assumption that PTMs are "unbiased" in any sense that warrants production of the pricing algorithms.

To the extent that Plaintiffs may be seeking production of the pricing algorithms on general "relevance" grounds, rather than as expert discovery, the Court concludes that such a request is untimely, that this information is likely to be of limited relevance and value, and that its production at this time is not justified by the associated burden and delay.

Accordingly, Plaintiffs' motion to compel the production of Defendants' pricing algorithms is denied.

SO ORDERED.

Dated: November 21, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge