UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE INTEREST RATE SWAPS ANTITRUST LITIGATION<br><br>This Document Pertains To:<br><br>ALL CLASS ACTIONS | MDL No. 2704<br>Master Docket No. 16 MD 2704 (JPO)<br><br>ORDER AWARDING PLAINTIFF SERVICE AWARDS<br><br>Hon. J. Paul Oetken |

This matter came before the Court for hearing pursuant to Plaintiffs'[1] application for Plaintiff service awards in their Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (ECF No. 1150). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions and terms of the Credit Suisse Settlement Agreement (ECF No. 979-1), the New Settlement Agreement (ECF No. 1080-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Settlement Agreements.

2. The Court has jurisdiction over the subject matter of the Action, and for purposes of enforcing and administering the Settlements, the Court has jurisdiction over the parties to the action, including members of the Settlement Class.

---

[1] Plaintiffs are the Los Angeles County Employees Retirement Association and the Public School Teachers' Pension and Retirement Fund of Chicago.

1

3. Notice of Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Service Awards was given to potential members of the Settlement Classes in a reasonable manner, and such Notice complies with Rule 23 of the Federal Rules of Civil Procedure, due process requirements, and any other applicable law, as it constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4. Members of the Settlement Classes were given the opportunity to object to the Motion for Attorneys' Fees, Litigation Expenses, and Service Awards in compliance with Rule 23 of the Federal Rules of Civil Procedure. No objections to the Motion have been made.

5. The Motion for Attorneys' Fees, Litigation Expenses, and Service Awards is granted with respect to service awards as described below.

6. The Court hereby approves the payment of service awards in the amount of $25,000 to each of the two named Plaintiffs in this Action (totaling $50,000): (i) Los Angeles County Employees Retirement Association and (ii) Public School Teachers' Pension and Retirement Fund of Chicago. The awards shall be drawn proportionally from each Settlement Fund associated with a Settlement that becomes final. The Court also awards interest on such service awards at the same rate as the earnings in the respective Settlement Funds, accruing from the inception of each of the Settlement Funds.

7. In making these service awards, the Court has considered and found that:

   (a) The Credit Suisse Settlement created a fund of $25,000,000 in cash, and the New Settlement created a Fund of $46,000,000 in cash, for a total of $71,000,000 in total cash settlements in the Action;

(b) Numerous members of the Settlement Classes who have submitted valid Proof of Claim and Release Forms will benefit from the Settlements achieved by Plaintiffs and Co-Lead Counsel;

(c) The named Plaintiffs undertook risk in pursuing this suit against investment banks that provide them with essential services;

(d) The named Plaintiffs expended significant time and effort preserving, gathering, and producing substantial volumes of documents, and responding to other discovery; producing key personnel for depositions; and supervising Co-Lead Counsel for nearly nine years;

(e) The requested service awards are reasonable in light of the risk undertaken by the named Plaintiffs, the efforts they dedicated to pursuing the litigation, and the size of the cash award and the value of the non-monetary relief;

(f) Adequate Notice was disseminated to potential members of the Settlement Classes;

(g) The Notice indicates that Co-Lead Counsel would move for service awards in an amount not to exceed $25,000 each, for a total of $50,000, plus interest thereon;

(h) Public policy concerns favor the award of plaintiff service awards, encouraging class members to participate in class action lawsuits, which are designed to provide a mechanism by which class members who could not efficiently pursue claims on their own can seek redress for their injuries, and treating named plaintiffs, who have undertaken a heavier burden of litigation than other class members, equitably; and

    (i)    The amount of service awards paid is appropriate to the specific circumstances of this Action, and consistent with awards in similar cases.

8.    These service awards are independent of the Court's consideration of the fairness, reasonableness, and adequacy of any of the settlements reached in this Action, and is also independent of the Court's consideration of the Plans of Allocation, fee award, and expense award. Any appeal or challenge affecting this Court's approval regarding the current award of service awards shall in no way disturb or affect the finality of the final judgments entered with respect to the Settlements, the Plans of Allocation, the fee award, or the expense award.

9.    In the event that one or both Settlements are terminated or do not become Final or the Effective Date does not occur in accordance with the terms of their respective Settlement Agreements, this Order shall be rendered null and void to the extent provided in each respective Agreement and shall be vacated as to that Agreement.

The Clerk of Court is directed to spread this Order to all related actions.

    IT IS SO ORDERED.

DATED: July 17, 2025

    _____
    J. PAUL OETKEN
    United States District Judge