UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE INTEREST RATE SWAPS ANTITRUST LITIGATION<br><br>This Document Pertains To:<br><br>ALL CLASS ACTIONS | MDL No. 2704<br>Master Docket No. 16 MD 2704 (JPO)<br><br>ORDER AWARDING LITIGATION EXPENSES<br><br>Hon. J. Paul Oetken |

This matter came before the Court for hearing pursuant to Plaintiffs'[1] application for Plaintiff service awards in their Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (ECF No. 1150). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions and terms of the Credit Suisse Settlement Agreement (ECF No. 979-1), the New Settlement Agreement (ECF No. 1080-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Settlement Agreements.

2. The Court has jurisdiction over the subject matter of the Action, and for purposes of enforcing and administering the Settlements, the Court has jurisdiction over the parties to the action, including members of the Settlement Class.

---

[1] Plaintiffs are the Los Angeles County Employees Retirement Association and the Public School Teachers' Pension and Retirement Fund of Chicago.

3. Notice of Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Service Awards was given to potential members of the Settlement Classes in a reasonable manner, and such Notice complies with Rule 23 of the Federal Rules of Civil Procedure, due process requirements, and any other applicable law, as it constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4. Members of the Settlement Classes were given the opportunity to object to the Motion for Attorneys' Fees, Litigation Expenses, and Service Awards in compliance with Rule 23 of the Federal Rules of Civil Procedure. No objections to the Motion have been made.

5. The Motion for Attorneys' Fees, Litigation Expenses, and Service Awards is granted with respect to litigation expenses as described below.

6. The Court hereby awards litigation expenses equal to $23,386,346.00, which shall be drawn proportionally from each Settlement Fund associated with a Settlement that becomes final. The Court also awards interest on such litigation expenses at the same rate as the earnings in the respective Settlement Funds, accruing from the inception of each of the Settlement Funds. Co-Lead Counsel is authorized to allocate these awards among themselves and with other firms that assisted them in such manner as, in their judgment, reflects the expenses reasonably borne in support of the litigation by each firm.

7. In making this award of litigation expenses to Co-Lead Counsel, the Court has considered and found that:

(a) The Credit Suisse Settlement created a fund of $25,000,000 in cash, and the New Settlement created a Fund of $46,000,000 in cash, for a total of $71,000,000 in total cash settlements in the Action;

  (b) Numerous members of the Settlement Classes who have submitted valid Proof of Claim and Release Forms will benefit from the Settlements achieved by Plaintiffs and Co-Lead Counsel;

  (c) The expenses sought by Co-Lead Counsel are reasonable and were necessarily incurred;

  (d) In particular, though Co-Lead Counsel's expenses were very high relative to the total cash settlements secured, Co-Lead Counsel's expenses were justified as reasonable and necessary in relation to the total damages anticipated in the case;

  (e) Adequate Notice was disseminated to potential members of the Settlement Classes;

  (f) The Notice indicates that Co-Lead Counsel would move for fee and expense awards not to exceed 50% of each Settlement Fund, totaling $35,500,000 plus interest thereon;

  (g) No Settlement Class Member filed any objection to Co-Lead Counsel's proposed fee or expense awards; and

  (h) Public policy concerns favor the award of reasonable litigation expenses and expenses in class action litigation.

  8. This litigation expense award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of any of the settlements reached in this Action, and is also independent of the Court's consideration of the Plans of Allocation, fee award, and service awards. Any appeal or challenge affecting this Court's approval regarding the current award of litigation expenses shall in no way disturb or affect the finality of the final judgments entered with respect to the Settlements, the Plans of Allocation, the fee award, or the service awards.

9. The expense award and interest awarded herein shall constitute a final order and shall be payable to Co-Lead Counsel from the Settlement Funds upon entry of the final judgment related to each Settlement.

10. In the event that one or both Settlements are terminated or do not become Final or the Effective Date does not occur in accordance with the terms of their respective Settlement Agreements, this Order shall be rendered null and void to the extent provided in each respective Agreement and shall be vacated as to that Agreement.

The Clerk of Court is directed to spread this Order to all related actions.

IT IS SO ORDERED.

DATED: July 17, 2025

_____
J. PAUL OETKEN
United States District Judge